UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BRENDA LARGEN,<br><br>              Plaintiff,<br>v.<br><br>LIFE INSURANCE COMPANY<br>of NORTH AMERICA,<br><br>              Defendant. | Civil Action No. 3:17CV-731-DJH |

COMPLAINT

Introduction

1. This Complaint seeks all available legal and equitable relief arising from and relating to disability benefits provided by insurance policies issued and insured by Defendant.

2. The headings in this Complaint are provided solely to assist in reviewing the statements and allegations contained herein.

3. The factual allegations contained herein are not exhaustive and are intended to provided Defendant with the requisite notice of Plaintiff's claims.

Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391. Both Defendant and the

plan sponsor can be found in this district.

## Parties

6. Plaintiff Brenda Largen ("Ms. Largen") is a participant in and insured third-party beneficiary of the disability insurance policies at issue in this lawsuit.

7. Defendant Life Insurance Company of North America ("LINA") is the issuer and insurer of the disability insurance policies at issue in this lawsuit.

## Facts

8. While working, Ms. Largen was employed by Hosparus, Inc. a Kentucky corporation based in Louisville.

9. As a Hosparus employee, Ms. Largen was covered by two insurance policies issued and insured by LINA – a long-term disability insurance policy, and a life insurance policy with disability waiver of premium benefits.

10. On September 1, 2010, and because of her physical functional limitations and restrictions prevented her from performing her job duties with Hosparus, Ms. Largen worked her last day and applied for disability benefits under the LINA insurance policies.

11. LINA agreed Ms. Largen satisfied the long-term disability insurance policy's definition of disability – concluding that her medical evidence demonstrated she was unable to perform her prior job duties (her own occupation), and paid her the required 24-months of monthly disability benefits.

12. At the expiration of the own occupation period, LINA reviewed Ms. Largen's medical evidence, concluded that she was unable to perform the job duties of any occupation, and paid her monthly disability benefits for the next five (5) years.

13. From September 1, 2010 through July 6, 2017 (seven (7) years), LINA agreed

Ms. Largen's medical evidence satisfied the long-term disability insurance policy's requirements to receive monthly disability benefits.

14. In addition, LINA also agreed Ms. Largen satisfied the life insurance policy disability definition, concluded that her medical evidence demonstrated she was also unable to perform the material duties of any job (any occupation), and provided her with the waiver of premium disability benefit for the next seven (7) years.

15. During this same time frame, LINA required Ms. Largen to apply for Social Security disability benefits conceding that she was totally and permanently disabled from any gainful employment – a stricter definition than provided by the insurance policies.

16. Ms. Largen was approved for Social Security disability benefits, which LINA accepted and reduced her long-term disability monthly benefits.

17. In 2017, LINA terminated Ms. Largen's disability benefits under each of the insurance policies.

18. Ms. Largen appealed LINA's decision and provided supporting medical evidence from her treating provider as well as from a functional capacity evaluation ("FCE") she obtained at her own expense.

19. The FCE made the following clinical objective findings concerning Ms. Largen's functionality:

   a. Her "strength/lifting" is limited to nineteen (19) pounds or less for a maximum of 1 hour per 8-hour workday / 40-hour workweek. Any weight of 20 pounds or more were deemed unsafe.

   b. Her "postural/activity" is limited to sitting, standing, walking for less than 1 hour per 8-hour workday / 40-hour workweek.

    c. Her chronic pain was objectively verified as increasing during testing.

    d. Additional factors found to be "limiting functionality" are her "flexibility" and "endurance/fatigue".

    e. The FCE examiner concluded Ms. Largen's "performance effort" demonstrated appropriate behavior, cooperative, credible, and consistent effort.

    f. Finally, based on the "physical exertion findings", the FCE examiner concluded Ms. Largen could *not* perform at a sedentary work level ("none").

20. The FCE test results confirmed that Ms. Largen was unable to physically engage in full-time gainful level employment is consistent with her medical history, the Social Security Administration findings, and LINA's prior findings.

21. LINA's decision on Ms. Largen's appeal was due on November 30, 2017, but LINA failed to issue a decision.

22. LINA admitted it was "aware of [its] breach of the 45-day-date of November 30, 2017."

23. Ms. Largen exhausted the administrative process.

24. Ms. Largen satisfied, and has continued to satisfy, the insurance policies' requirements necessary for her disability benefits to continue.

## Claims

25. The disability insurance policies are written contracts between LINA and Ms. Largen.

26. LINA breached the terms of the insurance contracts. By way of example, and without limitation, LINA terminated Ms. Largen's disability benefits without any showing that

her debilitating medical conditions had improved; without regard to the opinions of her treating and examining physicians; and without regard to Social Security's ongoing finding of total and permanent disability.

27. LINA's contractual breaches have damaged Ms. Largen, not only in the loss of her disability benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

28. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Largen to enforce the contractual terms of the insurance policies, to obtain past benefits, to receive reinstatement for payment of long-term disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

## Prayer for Relief

29. Ms. Largen requests the Court enter judgment in her favor and against LINA on all claims asserted herein.

30. Ms. Largen requests the Court award her reasonable attorneys' fees and costs.

31. Ms. Largen requests the Court award pre- and post-judgment interest at the greater of the prime rate or the rate earned by LINA.

32. Ms. Largen requests the Court award all other available legal or equitable relief.

33. Ms. Largen requests leave to amend the complaint as needed.

Dated:  December 5, 2017	Respectfully submitted by,

<div style="margin-left: 3em;">

s/ Michael D. Grabhorn            .
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
Grabhorn Law | Insured Rights™
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
p: (502) 244-9331
f: (502) 244-9334

</div>